# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| TOMORI PHARMACOLOGY INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| v. | § | |
| | § | Jury Demand |
| MAHSHAN, LLC, D/B/A CANNIFY, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Tomori Pharmacology, Inc. ("Tomori"), files this Original Complaint against Defendant Mahshan, LLC, d/b/a Cannify ("Defendant"), and would show the Court as follows:

### NATURE OF THE ACTION

1.   This is an action arising out of Defendant's unlawful and intentional infringement of Tomori's federally registered trademark and unfair competition by Defendant. As detailed herein, Defendant has: (1) infringed on Tomori's federally registered mark in violation of 15 U.S.C. § 1114 and common law; and (2) unfairly competed, used false designations of origin, and/or used misleading descriptions and representations of fact in violation of 15 U.S.C. § 1125(a) and common law and, thereby, benefitted to the detriment of Tomori.

### PARTIES

2.   Tomori is a Colorado corporation with a principal place of business in the State of Colorado.

3. Defendant is a Texas limited liability company with a principal place of business at 2657 Northaven Road, Dallas, Texas 75229. Defendant can be served through its registered agent, Farooq Wazirali, 66211 Muirfield Circle, Irving, Texas 75039.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. §§ 1119 and 1121, 28 U.S.C. §§ 1331, 1338 and 1367, in that this case arises under the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

5. This Court has personal jurisdiction over Defendant because it is a company organized under the laws of Texas with its principal places of business in this District, in Dallas, Texas.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Tomori's claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

7. For more than 6 years, Tomori has provided educational, medical, and scientific research information regarding cannabis and the use of cannabinoid products under its CANNIFY trademark.

8. Specifically, Tomori's services include medical and scientific research information in the field of medicinal cannabis, including customized educational information regarding types of cannabinoids, cannabis products, and dosage and administration route-related information. Tomori does not, however, sell any cannabis products.

9. A premier resource in the field of medicinal cannabis, Tomori's services draw on its' founder's Ph.D. in cannabinoid pharmacology. Further, Tomori is affiliated with peer-reviewed publications and regularly presents at scientific conferences.

10. Tomori is the exclusive owner of U.S. Trademark Registration No. 5,509,136 for CANNIFY in International Class 42. *See* Exhibit A, CANNIFY Certificate of Registration; Exhibit B, Trademark Assignment.

11. Tomori, by virtue of its predecessor, has been using its CANNIFY trademark in commerce for medical and scientific research information in the field of medicinal cannabis since as early as January 2018. Ex. A.

12. Further, Tomori has been using the term "cannify" since as early as 2016 as a registered domain name and in connection with presentations.

13. The above trademark registration was duly issued in compliance with law, is valid and subsisting, and is *prima facie* evidence of Tomori's registration, ownership, and right to exclusive use of the CANNIFY mark. The registration is incontestable.

14. The CANNIFY mark symbolizes and represents the goodwill of Tomori and is an intangible asset of substantial commercial value to Tomori. The CANNIFY mark is inherently distinctive and has gained substantial notoriety as a result of Tomori's extensive exposure and promotional efforts.

15. Tomori uses its CANNIFY mark in connection with educational videos, educational publications, and personalized quizzes regarding cannabinoid science, products, and uses. Representative examples of how Tomori uses the CANNIFY mark in commerce is shown below:



https://www.cannify.us/ (last visited on November 14, 2024).



https://www.cannify.us/ (last visited on November 14, 2024).

5



https://www.cannify.us/screens/ (last visited on November 14, 2024).

16. Tomori has spent considerable sums promoting the CANNIFY mark and developing recognition and goodwill with respect to the CANNIFY mark in the minds of consumers and the public at-large.

17. In so doing, Tomori has established itself as a commercial source of reliable educational, medical, and scientific information regarding cannabinoids, including in relation to the provision of advice and recommendations to governmental bodies.

18. Tomori's services under the CANNIFY mark are used by manufacturers, pharmacists, physicians, dispensaries, media websites, patients, and other cannabis users.

19. In addition to Tomori's rights under the Lanham Act, Tomori has acquired enforceable common law rights by virtue of use of the CANNIFY mark online and in commerce, including such use in commerce in Texas and in this District.

**A. Defendant's Willful Infringement**

6

20. Defendant is violating Tomori's rights in its CANNIFY Trademark by operating its cannabinoid, tobacco, cannabis, and smoker's paraphernalia shop under the name "Cannify" in connection with the offering of cannabinoids, cannabis, tobacco, and smoker's paraphernalia without authorization of Tomori.

21. Specifically, Defendant filed Trademark Application Serial No. 97321174 on March 2, 2022 for the mark CANNIFY. Exhibit C, Defendant's Trademark Application.

22. Defendant's is pursuing registration of the mark CANNIFY, which is identical to Tomori's registered mark CANNIFY.

23. Further, Defendant filed an assumed name certificate for CANNIFY on February 27, 2023. Exhibit D, Assumed Name Certificate.

24. Defendant's Trademark Application purports that it was not yet using but intended to use the CANNIFY mark for tobacco and smoker's paraphernalia under Class 34 (tobacco and articles used for smoking) and online and brick-and-mortar wholesale store services featuring tobacco and smoker's paraphernalia under Class 35 (advertising and business services featuring vaporizers and smoker's paraphernalia). *Id.*

25. However, Defendant's website indicates that it is also selling cannabinoids under its CANNIFY mark:



https://cannifygoods.com/catalogsearch/result/?q=cake (Last visited December 2, 2024).

26. Cannabinoids as goods are integral and highly related to Plaintiff's services offering educational information about cannabinoids and cannabis products.

27. In reviewing Defendant's now-pending application for CANNIFY, the USPTO issued an office action on October 24, 2023, indicating that Defendant's applied for mark of CANNIFY would cause a likelihood of confusion with Tomori's CANNIFY registered mark CANNIFY because (1) the marks are identical and (2) Defendant's Class 35 services are highly related to Tomori's Class 42 services. *See* Exhibit E, October 24, 2023, Office Action (the "Office Action").

28. Therefore, Defendant had actual notice of Tomori's CANNIFY Trademark from at least as early as October 24, 2023.

29. On January 30, 2024, Tomori, through its attorneys, made Defendant expressly aware of the Tomori's federally registered CANNIFY mark and requested that Defendant cease and desist from infringing upon Tomori's CANNIFY mark in connection with Defendant's business. *See* Exhibit F, January 30, 2024 Cease and Desist Letter.

30. Defendant refused to comply with Tomori's demand and, with actual knowledge of Tomori's rights, continues to infringe. *See* Exhibit G, Defendant's Response to Tomori's Cease and Desist Letter.

31. Tomori filed a Letter of Protest with the USPTO on March 27, 2024, reiterating the likelihood of confusion with Defendant's applied-for mark for both Classes 34 and 35. *See* Exhibit H, Tomori's Letter of Protest.

32. Specifically, Defendant's use of CANNIFY with Class 34 goods, including tobacco and smoker's paraphernalia, are highly related to and will cause confusion with Tomori's provision

of educational and informational services regarding cannabinoids under Tomori's Registration for CANNIFY for Class 42.

33. The USPTO has not made any final determination as to Defendant's trademark application as of the date of this filing.

34. Defendant is also using the CANNIFY mark in connection with the provision of scientific and health-related educational information by way of its online blog posts:



See Exhibit I, Defendant's Article "Decoding CBD and Delta-8: Exploring the Nuances and Differences," https://cannifygoods.com/blog/post/cbd-vs-delta.

35. Further, Defendant expressly touts itself as providing "personalized product education" – the *exact* same service covered by Tomori's CANNIFY Mark and offered by Tomori:

**Personalized Product Education**

One of the standout features of Cannify's new approach is its commitment to one-on-one product education. Recognizing that the counter-culture industry is diverse and ever-changing, Cannify aims to empower both shoppers and brands with the knowledge they need to make informed decisions. This personalized education ensures that every purchase is backed by understanding and purpose.

https://cannifygoods.com/blog/post/grand-opening (Last visited December 2, 2024).

36. Defendant is also improperly using the CANNIFY mark in connection with its physical store's location and its social media.



https://www.youtube.com/watch?v=047VVoeID88 (last visited November 18, 2024).

10



https://www.instagram.com/cannifygoods/ (last visited November 18, 2024).

37. Worse yet, Defendant used the *exact same* CANNIFY logo, down to the same font and the connecting "C" and "a"; "f" and "y" in a promotional advertisement:



https://www.linkedin.com/posts/getugly_the-plug-series-4205-we-had-a-festive-activity-7140192624644083713-CrUd?utm_source=share&utm_medium=member_desktop (last visited November 25, 2024).

38. Defendant offers its goods and services for sale under the CANNIFY mark through at least one channel of trade also used by Tomori – namely, online channels.

39. Defendant further provides its goods and services to the same type of consumers as Tomori provides its services – namely, individuals or entities that are interested in learning about, buying, selling, or using cannabinoids.

40. Defendant's use of the CANNIFY mark is with the deliberate intent to freeride on the goodwill that Tomori has established in the CANNIFY brand and with the deliberate attempt to create a false impression as to the source and sponsorship of Defendant's products and services. If Defendant's conduct is not enjoined, Tomori will face irreparable harm, particularly due to great injury to the value of the CANNIFY mark and ability of the CANNIFY mark to distinguish Tomori's services.

41. Defendant's conduct is willful and deliberate and Defendant's continued use of the CANNIFY mark after notice and direct communications with Tomori's counsel about the CANNIFY mark reflects a deliberate indifference to unlawfully benefit from willful infringement of Tomori's intellectual property and to unfairly compete with Tomori.

### B. Defendant's Use of the CANNIFY Mark Has Caused and Will Continue to Cause Confusion

42. Defendant's use of CANNIFY has caused actual consumer confusion and is likely to continue to cause consumer confusion.

43. Specifically, Tomori was the victim of a case of mistaken identity when a Texas consumer of cannabinoid products, Kaden Finch, filed suit naming Tomori as a defendant. See Exhibit J, Finch Complaint.

44. However, Mr. Finch's Complaint was filed in Texas and alleged that he purchased the product at issue in Texas from Tomori, but in fact his purchase actually had nothing to do with Tomori. Id. at ¶5.5.

45. After pointing out the mistake to Mr. Finch, he filed a Notice of Non-Suit as to Tomori. See Exhibit K, Notice of Non-Suit.

46. Tomori had to spend time and money responding to Finch's attorney, explaining the consumer confusion, in order to be dismissed from the lawsuit.

47. Therefore, there has been actual consumer confusion between Tomori and Defendant that has significantly damaged Tomori's CANNIFY trademark, its reputation, and its goodwill among consumers.

48. Further, various job applicants, including two photographers, reached out to Tomori on Facebook about a "Freelance Product Photographer" job posting and various other

13

vacant positions that Defendant had posted, thinking that Tomori had created the job posting. *See* Exhibit L, Jaime Linn Hudson Messages; Exhibit M, Christopher Moody Messages.

49. Hudson's messages also illustrate the high degree of relatedness of Tomori's services and the goods Defendant sells – while acknowledging and complimenting Tomori's studies provided under the CANNIFY mark, Hudson also believed there was an opportunity to photograph goods – that is, the exact type of goods Defendant sells (cannabinoids) through Tomori. Put differently, Hudson thought that Tomori offered its services of medical and scientific information as to cannabinoids **and** sale of the cannabinoids.

50. Further, additional consumer confusion is likely to ensue because Defendant's sale of smoker's paraphernalia and cannabis is, in the eyes of consumers, related to Tomori's customized information regarding selection of cannabinoids and cannabis products.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

51. Tomori realleges Paragraphs 1 through 49 as if fully set forth herein.

52. Tomori is the senior user of the CANNIFY mark.

53. Tomori exclusively owns valid, incontestable, and enforceable rights in its CANNIFY Registered Mark. Defendant has, without Tomori's consent, used its CANNIFY mark in commerce in connection with the sale, offering for sale, distribution, or advertising of their cannabinoid and smoker's paraphernalia products and services in a manner that is likely to cause confusion, mistake, or to deceive the public.

54. Defendant has, without Tomori's consent, reproduced, counterfeited, copied, and/or colorably imitated Tomori's CANNIFY mark and applied such reproduction, counterfeit, copy, and/or colorable imitation to the website and advertisements in connection with the sale,

14

offering for sale, distribution, or advertising of their offending products in a manner which is likely to cause confusion, or to cause mistake, or to deceive consumers.

55. As a direct and proximate result of Defendant's conduct, Tomori has suffered and will continue to suffer economic harm in the form of harm to the value and goodwill associated with the CANNIFY registered mark and Tomori's reputation in the industry.

56. Because Defendant has been aware of Tomori, Tomori's CANNIFY mark, and Tomori's scientific and medical cannabinoid information services, and because the Defendant's mark is identical to Tomori's registered CANNIFY mark, Defendant's conduct was and is deliberate and willful.

57. Given the Defendant's deliberate, willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of its infringement, this is an exceptional case under 15 U.S.C. § 1117.

58. As the acts alleged herein constitute infringement by Defendant of Tomori's CANNIFY registered mark under 15 U.S.C. § 1114, and as Tomori has no adequate remedy at law, Tomori is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendant's revenues and profits, all damages sustained by Tomori including the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

**COUNT II – UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

59. Tomori realleges Paragraphs 1 through 49 as if fully set forth herein.

60. Defendant has unlawfully used the Tomori CANNIFY mark in connection with its offending products and services, and in its advertising of the same in a manner which is likely to

cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Tomori, or as to the origin, sponsorship, or approval of the offending products and services.

61. Defendant has used the Tomori CANNIFY mark, or colorable and confusing imitations thereof, in connection with goods and services and the advertising of the same in a manner that misrepresents the source, nature, characteristics, or qualities of the offending products.

62. Defendant's use of the CANNIFY mark wrongfully implies a connection or approval by Tomori of Defendant's goods.

63. As a direct and proximate result of Defendant's conduct, Tomori has suffered and continues to suffer economic harm to the value and goodwill associated with Tomori's CANNIFY mark and Tomori's reputation in the industry.

64. Defendant's infringing conduct was and is deliberate and willful.

65. Given Defendant's willful and deliberate conduct, including but not limited to its continued and continuing infringement after having notice of Tomori's CANNIFY trademark, this is an exceptional case under 15 U.S.C. § 1117.

66. As the acts alleged herein constitute infringement by Defendant of Tomori's CANNIFY mark under 15 U.S.C. § 1125(a) and the common law, and as Tomori has no adequate remedy at law, Tomori is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendant's revenues and profits, all damages sustained by Tomori, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

## **R**ELIEF **R**EQUESTED

WHEREFORE, Tomori respectfully requests that this Court enter a judgment in its favor and against Defendant, and award Tomori relief as follows:

A. Judgment in Tomori's favor and against Defendant, finding Defendant in violation of all counts of the Complaint in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a);

B. Judgment that, in violation of all counts of the Complaint, Defendant acted willfully and deliberately;

C. Judgment awarding to Tomori all compensation to which Tomori is entitled under 15 U.S.C. §§ 1114, 1117, 1125, and common law, including attorney fees, costs, expenses, and discretionary enhanced damages;

D. Judgment ordering the destruction of all offending products, signage, websites, and related advertisements in Defendant's possession, custody, or control; and

E. Permanently enjoining Defendant, its affiliates, subsidiaries, parents, and its respective officers, agents, servants, attorneys, and employees, and all persons in active concert or participation with it, and mandating that Defendant immediately and forever cease, desist, and refrain from:

    i. Directly or indirectly manufacturing, distributing, advertising, promoting, making, purchasing, offering for sale, or selling any products or services bearing or in conjunction with the CANNIFY mark, or any colorable imitation thereof;

    ii. Inducing or enabling others to import, manufacture, distribute, advertise, promote, make, purchase, offer for sale, or sell products or services bearing or in conjunction with the CANNIFY mark, or any colorable imitation thereof;

  iii. Using the CANNIFY mark;

  iv. Using the "cannifygoods.com" domain name, or any other domain name incorporating "cannify;"

  v. Unfairly competing with Tomori in any manner;

  vi. Forming or causing to be formed any corporation, partnership, or other entity that engages in any of the aforementioned enjoined conduct; and

F. Issuing an Order that Defendant's mark "CANNIFY," that is the subject of pending Application No. 97321174, is not registrable at the United States Patent and Trademark Office and therefore should be refused pursuant to 15 U.S.C. § 1119; and

G. Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ William D. Cramer*
William D. Cramer
Texas Bar Number: 00790527
Clark Hill PLC
901 Main Street, Suite 6000
Dallas, Texas 75202
BCramer@ClarkHill.com
Telephone: (214) 651-2038
Facsimile: (214) 659-4070

Nicole Prefontaine (Pro Hac Vice forthcoming)
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
NPrefontaine@ClarkHill.com
Telephone: (312) 985-5900
Facsimile: (312) 985-5999

**ATTORNEYS FOR TOMORI PHARMACOLOGY, INC.**